UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALCY JOSEPH, JR.                                    CIVIL ACTION

VERSUS                                              NO. 09-8422

EVE TRIPKOVICK ET AL.                               SECTION "C"(2)

**REPORT AND RECOMMENDATION**

Plaintiff, Alcy Joseph, Jr., is a prisoner currently incarcerated in the River Correctional Center in Ferriday, Louisiana. Joseph's request to proceed in forma pauperis was denied pursuant to 28 U.S.C. § 1915(g) because of his history of filing frivolous lawsuits. Record Doc. No. 2. He ultimately paid this court's filing fee and filed this complaint pro se pursuant to 42 U.S.C. § 1983.

His original complaint, which he signed on December 8, 2009, and tendered to this court for filing three days later, named two defendants, Eve Tripkovick and Corey Cossett, both of whom were identified as state probation and parole agents in the Thibodaux, Louisiana "regional office." Record Doc. No. 4 (Complaint at ¶ III (B) and (C)). In the original complaint, Joseph alleged that defendants conspired against him on the basis of his race by instituting parole revocation proceedings against him based upon his failure of a drug screening test taken when he was falsely arrested on a separate charge that was ultimately not accepted by the state criminal court. Id. at ¶ IV (back side of form). He alleged that another convicted felon named Larry Joe Jacobs was more

favorably treated than him. Id. at ¶ IV. In the relief portion of his original complaint, plaintiff sought injunctive relief in the form of removal of both defendants from their positions and "monetary and punitive damages" in the amount of $150,000. At the time Joseph tendered his original complaint to this court for filing, his parole revocation hearing had not yet been conducted.

About eight months later, at the same time he paid his filing fee in this court, Joseph filed the single amendment of his complaint permitted without leave of court pursuant to Fed. R. Civ. P. 15(a). Record Doc. Nos. 6 and 7. In his amended complaint, he added numerous additional defendants, including state parole and probation officers, the St. Charles Parish Sheriff and some of his deputies, three officials of the State Department of Corrections, Louisiana Governor Bobby Jindal and the three board members who had presided over his parole revocation hearing, which by then had been conducted on January 7, 2010, and had resulted in the revocation of Joseph's parole and his return to incarceration. Record Doc. No. 6 ("Motion to Amend/Modify" at pp. 1-2). The amended complaint alleged a broad-based conspiracy among the defendants, including discrimination, "selective malicious prosecution," "falsifying a record, perjury at Revocation Hearing, tampering with evidence and obstruction of justice" in connection with the parole board's decision to revoke his parole and send him back to prison, all in violation of his due process and equal protection rights. Id. at pp. 2-3, 5-6. Plaintiff

again alleged that convicted felon Larry Joe Jacobs had been treated more favorably than him.

Joseph subsequently filed another motion to amend making essentially the same allegations as had been asserted in his previously allowed amendment. Record Doc. No. 8. That motion was denied as premature, since leave of court to permit another amendment was required, and defendants had not yet been served and therefore could not be given an opportunity to be heard concerning the new motion to amend. Record Doc. No. 9.

## ANALYSIS

I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

In this case, plaintiff's Section 1983 complaint must be dismissed under 28 U.S.C. § 1915(A)(b)(1) either as legally frivolous or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading[1] for the following reasons.

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

4

## II. HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

To whatever extent, if any, Joseph seeks either injunctive relief or monetary damages, his claims must be dismissed at this time. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by subsequent state proceedings or by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Summers v. Eidson, 206 F. App'x 321, 323 (5th Cir. 2006); Kutzner

5

v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (citing Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement based upon parole revocation. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, 100 Fed. Appx. 321, 2004 WL 1336637, at *3-4 (5th Cir. 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). As the Fifth Circuit held in Rogers v. Department of Corrections, 263 F.3d 163, 2001 WL 803679, *1 (5th Cir. June 13, 2001), Heck bars a prisoner from challenging the revocation of his parole in a Section 1983 complaint based upon allegations that his constitutional rights were violated in the parole revocation proceedings. Joseph's complaint, as amended, alleges various defects in the manner in which his parole revocation was prosecuted and the hearing resulting in his incarceration was conducted. In short, Joseph alleges that his current incarceration is improper. However, the parole revocation decision upon which Joseph is currently incarcerated and that he challenges in this case has not been set aside in any of the ways described in Heck.

Thus, any claims for relief that plaintiff asserts, attacking his continued confinement based upon parole revocation and undermining the state parole revocation decision, are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again

6

until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this   20th   day of September, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.